In the Matter of the Application under Civil Practice Act, Article 78, of EUGENE M. DUSINBERRE and NATHAN OAKS, JR., d/b/a SENECA GUERNSEY FARMS, Petitioners, against HOLTON V. NOYES, Commissioner of Agriculture and Markets of the State of New York, Respondent.

Third Department, May 28, 1940.

*Henry S. Manley*, for the petitioners.

*Milo R. Kniffen* [*Robert G. Blabey* of counsel], for the respondent.

PER CURIAM. This is a review under article 78 of the Civil Practice Act of a determination of respondent, Commissioner of Agriculture and Markets, denying petitioners' application for a license to sell milk.

The pertinent provisions of the statute (Agriculture and Markets Law, § 258-c) under which respondent acted are: "No license shall be granted to a person not now engaged in business as a milk dealer * * * unless the Commissioner is satisfied that the applicant is qualified by character, experience, financial responsibility and equipment to properly conduct the proposed business, that the issuance of the license will not tend to a destructive competition in a market already adequately served, and that the issuance of the license is in the public interest."

The application was denied on the sole ground that the issuance of a license would "tend to a destructive competition in a market already adequately served." No question is made as to the character, experience, financial responsibility or equipment of petitioners.

Petitioners are farmers and desire to engage in the milk business as copartners. It is their purpose to build a small plant on the Dusinberre farm, located on the State road in the town of Seneca about one and one-half miles from the city of Geneva. To erect and equip such a plant would require an expenditure of from $6,000 to $6,500.

Petitioners produce Guernsey milk and desire to sell it as Grade A pasteurized bottled milk to consumers who call for it at the plant. As an incident to the proposed sales at the plant, petitioners also requested permission to sell fifty or sixty quarts of milk daily to two stores in Oaks Corners, a hamlet with a population of about 200 persons located in the town of Phelps about five miles from Geneva. The evidence discloses that considerable raw milk is sold in the neighborhood of the Dusinberre farm; in fact, four small hamlets, Seneca Castle, Flint, Stanley and Hall, located in that neighborhood, are not served by any dealer selling pasteurized milk. The health officer of the town of Seneca advocated the granting of the license, on the ground that the proposed supply, as he phrased it, would "provide pasteurized milk which it is hoped will supplant 'bootleg' raw milk now being sold at farms." The health officer of the town of Phelps urged the issuance of the

license and said: " In my opinion this supply is needed in the area mentioned above for the following reasons: I should like to see pasteurized milk available in the southern section of the township especially at Oaks Corners."

The price of standard milk to consumers in Geneva is twelve cents per quart. Petitioners propose to sell Grade A Golden Guernsey milk for nine cents per quart.

The Geneva Milk Company and White Springs Farm Dairy Company, both of Geneva, oppose the application. These two concerns while not identical are closely affiliated. The reasons which they advance in urging the denial of petitioners' application are inconclusive, if not frivolous.

In refusing to issue the license requested, respondent based his determination not on the law governing the situation but on wholly unwarranted grounds. He said *inter alia:* " The proposal which they [petitioners] now put forward would require the expenditure of considerable sums of money and the results, from the standpoint of the producers securing as good as their present returns, are doubtful at best."

The statute does not make respondent the guardian of the farmers; whether they succeed or fail in their proposed venture will not affect him. The statute does not vest him with any authority to decide such an issue. The granting of a license is not an act of grace upon the part of respondent. In the absence of some statutory bar, the applicant is entitled thereto as a matter of right. It seems clear to us that the determination under review gives undue protection to milk dealers in Geneva and is oppressive on milk consumers situated in the vicinity where the petitioners propose to operate. The sales which petitioners intend to make on their farm are wholly unrelated to the milk business conducted in the city.

The determination of respondent is not supported by any credible evidence and is purely arbitrary and capricious. It should be and hereby is annulled, with fifty dollars costs and disbursements, and the matter is remitted to respondent with directions to issue a license in accordance with the prayer of the petition.

HILL, P. J., HEFFERNAN and FOSTER, JJ., concur; BLISS and SCHENCK, JJ., dissent.

Determination annulled, with fifty dollars costs and disbursements, and the matter remitted to respondent with directions to issue a license.