In the Matter of SEALTEST FOODS DIVISION OF NATIONAL DAIRY PRODUCTS CORPORATION, Petitioner, *v.* DON J. WICKHAM, as Commissioner of Agriculture and Markets, Respondent.

Third Department, November 6, 1969.

*Bouck & Holloway* (*Warner Bouck* and *Stephen M. Kiernan* of counsel), for petitioner.

*Robert G. Blabey* (*George W. Gloning, Jr.,* and *Dennis P. Buckley* of counsel), for respondent.

GREENBLOTT, J.  This is a proceeding under CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Third Judicial Department by order of the Supreme Court at Special Term, entered in Albany County, on October 18, 1968) to review and annul determinations of respondent, as Commissioner of Agriculture and Markets, which: (1) denied petitioner's application for an extension of its milk dealer's license; (2) issued a cease and desist order against petitioner; and (3) assessed a $500 penalty against petitioner.

Petitioner operates a milk processing and bottling plant in The Bronx from which it delivers milk products throughout the New York metropolitan area.  Its license for the year ending March 31, 1968 did not permit the sale of milk products in either Dutchess or Orange Counties, except that sour cream could be sold and delivered in Orange County.  On April 19, 1967 petitioner requested an immediate temporary licensing extension to supply A & P stores in Dutchess County because of an emergency apparently caused by a strike which precluded A & P from receiving milk from its usual supplier, Borden Company. Petitioner was told by respondent that if A & P would inform either the Commissioner or the Director of the Division of Milk Control that it could not obtain a milk supply for its Dutchess County stores, a temporary extension would be granted.  No communication was received from A & P.  Petitioner, however, began servicing A & P in Dutchess County on April 20, 1967. Petitioner also began selling and delivering milk to A & P stores in Orange County on June 26, 1967, and in August, 1967, applied for a license permitting the sale of milk to A & P in that county.

After a hearing, the Commissioner determined that petitioner knowingly violated the terms of its license in contravention of section 257 of the Agriculture and Markets Law by delivering milk to five A & P stores in Dutchess County and eight A & P stores in Orange County between June 26, 1967 and September 4, 1967.

Petitioner urges that the determinations are contrary to law, unsupported by a preponderance of the evidence, and arbitrary

and capricious. The main argument in support of its position is that the sales were f.o.b. its Bronx plant, where petitioner is licensed to distribute milk and, therefore, were not made in violation of section 257.

The Commissioner found that " the F.O.B. Bronx Plant sales by National Dairy to A & P is a pure paperwork fiction to act as a substitute for licensing and to permit National Dairy to extend its license without hindrance of statutory licensing requirements."

The method of delivery was both ingenious and complicated. Petitioner proposed the f.o.b. Bronx delivery plan in a letter to A & P on April 17, 1967. A & P was to lease the delivery vehicle from a third party. Because of a union contract, however, the driver had to be an employee of petitioner. All costs, including rental of the vehicle, salary of the driver, gas, oil, maintena. e and storage were to be borne by A & P.

When A & P was unable to secure a vehicle, it " leased " a vehicle from petitioner for three days. Initially, trucks leased from a third party were billed to petitioner but later this was corrected. The original billing to A & P was in the normal manner for regular store deliveries, but was later changed to " f.o.b. platform " at petitioner's Bronx plant. From this evidence respondent could find that the evidence preponderated to the effect that the essential nature of the transactions was regular store deliveries.

The purpose of the plan was obviously to enable petitioner to avoid the licensing requirements of the Agriculture and Markets Law. (See *Matter of Glen Mohawk Milk Assn.* v. *Wickham,* 28 A D 2d 764, affd. 24 N Y 2d 963.) To permit this procedure would result in a network of unregulated delivery routes throughout the State which would seriously impair the ability of the Commissioner of Agriculture and Markets to control the milk industry. " It is plain on the face of the statute that the purpose of the Legislature was an all-embracing one and that it was the intention of the Legislature to stabilize the entire distribution structure of the milk industry " (*Matter of Friendship Dairies* v. *Du Mond,* 284 App. Div. 147, 153).

Respondent's determination to deny petitioner's application for the extension of its license in Dutchess and Orange Counties is supported factually by a preponderance of evidence as required by section 258-c of the Agriculture and Markets Law. The facts substantiate respondent's determination that petitioner intentionally and knowingly sold milk in two counties where it was not authorized by license to do so in violation of section 257 of the Agriculture and Markets Law. Similarly, the

denial of the application for extension was authorized by subdivision (k) of section 258-c of said statute. (*Matter of Dusinberre* v. *Noyes,* 263 App. Div. 445.)

The determinations should be confirmed and the petition dismissed, with costs.

HERLIHY, P. J., STALEY, JR., and COOKE, JJ., concur.

Determinations confirmed and petition dismissed, with costs.