█ In the Matter of DAIRYLEA COOPERATIVE, INC., Appellant, v FRANK WALKLEY, as Commissioner of the Department of Agriculture and Markets of the State of New York, et al., Respondents.—Judgment, Supreme Court, Albany County, entered on September 6, 1974, affirmed, without costs, on the opinion of Larkin, J., at Special Term (79 Misc 2d 707). Herlihy, P. J., Kane and Reynolds, JJ., concur; Sweeney and Main, JJ., dissent and vote to reverse in the following memorandum by Sweeney, J. Sweeney, J. (dissenting). While we readily accept much that is expressed in Special Term's opinion, we are unable to agree with its conclusion that petitioner has failed to satisfy the second prong of the standing test as enunciated in *Data Processing Serv. v Camp* (397 US 150). The court therein stated that standing exists in a "competitor's" suit when a party alleges (1) that the challenged action has caused him injury in fact, economic or otherwise; and (2) that the interest sought to be protected is arguably within the zone of interests to be protected or regulated by the statute or the constitutional guarantee in question. The court further stated (p 154): "Where statutes are

concerned, the trend is toward enlargement of the class of people who may protest administrative action. The whole drive for enlarging the category of aggrieved 'persons' is symptomatic of that trend". While it is true that this State does not necessarily have to embrace the Federal rule on standing, it appears from an examination of recent New York cases that the rule laid down in *Data Processing Serv.* has been followed. *(Columbia Gas of N. Y. v New York State Elec. & Gas Corp.,* 28 NY2d 117; *New York State Bankers Assn. v Albright,* 46 AD2d 269; *Boston Stock Exchange v State Tax Comm.,* 45 AD2d 365.)* To resolve the present appeal, we examine the petition in the light of this recently adopted rule. The first requirement of the test has, undoubtedly, been satisfied. Petitioner's allegations of economic injury are abundant. As to the second requirement, petitioner alleges that the issuance of a license to Glen-Mohawk to sell milk in Rockland and Orange counties will "effectively destroy competition in a market which is now adequately served by Dairylea and several other licensed milk dealers." Petitioner further alleges in its supplemental petition that the existing licensees serving the area are operating at less than full capacity; that the license extension will result in losses to existing licensees, their cost structure will be increased thereby and the stability of the milk market in the County of Rockland and the southern portion of Orange County will be disturbed by such extention. To determine whether there is compliance with the second prong of the test, the one rejected by Special Term, we must also examine section 258-c of the Agriculture and Markets Law to ascertain if petitioner's interest is arguable within the zone of interests to be protected by that statute. The purpose and intent of section 258-c was considered by this court in *Matter of Friendship Dairies v Du Mond* (284 App Div 147, 153) and the following language is most illuminating: "In its brief in this court, the petitioner broadened its attack and took the position that the statute was not designed to regulate competition among dealers in the purchase of milk but was intended only to prevent unfair and destructive practices in their selling activities. We do not find any basis in the legislative history or in the language of the statute for this construction. It is plain on the face of the statute that the purpose of the Legislature was an all-embracing one and that it was the intention of the Legislature to stabilize the entire distribution structure of the milk industry (Agriculture and Markets Law, § 258-k). The elaborate provisions of the statute for the licensing of dealers are designed not only to prevent destructive competition among dealers in selling their product but also to prevent destructive competition in their buying of milk from milk producers. Destructive competition is equally injurious to the stability and solvency of dealers, whether it occurs in the buying or in the selling end of the business." The ruling of the *Friendship* case has recently been followed in *Matter of Sealtest Foods Div. of Nat. Dairy Prods. Corp. v Wickham* (33 AD2d 51, 53). Thus, the very interest petitioner alleges is being threatened is one of the interests which the statute was designed to protect. In our view, the second prong of the *Data Processing Serv.* rule has been clearly satisfied. Since petitioner alleges injury—a threatened destruction of competition—and the statute in question was enacted to prohibit, among other things, destructive competition in the milk industry, petitioner comes within the orbit of the *Data Processing Serv.* test and is entitled to review the Commissioner's determination. The judgment, therefore, must be reversed, and the matter remanded for a hearing on the merits.