In the Matter of KRAFTCO CORPORATION, Petitioner, v FRANK WALKLEY, as Commissioner of the Department of Agriculture and Markets of the State of New York, Respondent.

Third Department, January 20, 1977

*Bouck, Holloway & Kiernan (Warner M. Bouck* of counsel), for petitioner.

*Thomas G. Conway (Dennis P. Buckley* of counsel), for respondent.

MAIN, J. Petitioner, Kraftco Corporation (hereinafter, Kraftco), is a milk dealer, and in the determination challenged herein respondent concluded that Kraftco had exceeded the authorization of its milk dealer's license by arranging the sale and delivery of its milk and milk products in areas where, by the terms of its license, it was not authorized to carry on such business. Consequently, respondent denied Kraftco's application to renew its license with the proviso that the denial was to be rescinded should Kraftco agree within 30 days to: cease and desist from its activities found to be unauthorized; discontinue its sales deemed to be improper; comply with the terms and limitations of its license, and pay a civil penalty of $6,000. Finding this result unacceptable and arguing that the determination is contrary to law and the evidence and arbitrary and capricious, Kraftco instituted the present proceeding which was transferred to this court by Special Term.

In this dispute respondent has ruled that Kraftco's operations at its plants in Schenectady, New York (plant closed and ceased production as of April 30, 1974) and Homer, New York, have been improper insofar as they have resulted in the sale of its milk and milk products to supermarket chains and other wholesale accounts for resale in counties in which it is not licensed to do such business. While conceding that these sales have occurred, Kraftco argues that they were proper because they were made f. o. b. either the Schenectady or Homer plant and the wholesale customers paid the costs to transport their purchases to their places of business.

Upon our review of this matter, we conclude that we must reject Kraftco's rationale submitted in justification of its challenged mode of operation. Were we to hold otherwise, we would be placing our stamp of approval upon a milk dealer's selling its products in every county and area of this State, whether licensed therein or not, merely by devising a scheme whereby the purchases of said products are made at a location where the dealer is licensed and then transported at the cost of the purchaser to the ultimate destination for resale. Such an arrangement, as established by Kraftco here, has as its obvious purpose the avoidance of the licensing requirements of the Agriculture and Markets Law (cf. *Matter of Sealtest Foods Div. of Nat. Dairy Prods. Corp. v Wickham,* 33 AD2d 51) and would subvert the plain intent of the Legislature "to stabilize the entire distribution structure of the milk industry" *(Matter of Friendship Dairies v Du Mond,* 284 App Div 147, 153). Moreover, the proliferation of such sales schemes would lead inexorably to a network of unregulated delivery routes and, ultimately, to destructive competition and the derogation of the public interest, consequences which the Legislature has expressly endeavored to avoid (Agriculture and Markets Law, § 258-c; *Matter of Dairylea Coop. v Walkley,* 38 NY2d 6). Such being the case, respondent's finding under the circumstances here that Kraftco was violating the Agriculture and Markets Law (§ 257, subd 1) by arranging and engaging in sales beyond its licensed authorization is substantiated by the record, and, therefore, its conditional denial of Kraftco's license renewal application was proper (Agriculture and Markets Law, § 258-c, subd [k]).

In so ruling, we are not unmindful of language cited by Kraftco from *Matter of Perky Milk Corp. v Wickham* (15 AD2d 624), which seems to be supportive of its present position. However, said language was merely obiter dictum and has not been deemed controlling in subsequent comparable situations (cf. *Matter of Sealtest Foods Div. of Nat. Dairy Prods Corp. v Wickham, supra; Matter of Glen & Mohawk Milk Assn. v Wickham,* 28 AD2d 764, affd 24 NY2d 963, cert den 396 US 1004), and we find it unpersuasive here. Similarly, Kraftco's reliance upon the exemption from the licensing requirements for stores (Agriculture and Markets Law, § 257, subd 3, amd by L 1976, ch 247, § 3) in seeking to establish the propriety of its questioned dealings with supermarket chains and independent markets is also misplaced. That statutory

provision clearly serves only to relieve retail outlets from the necessity of obtaining a license in order to sell milk and milk products to the general public (see Agriculture and Markets Law, § 253, subd 10, as amd by L 1976, ch 247, § 2) and is inapplicable to Kraftco's dealings with its wholesale customers.

In conclusion, we would further note that the $6,000 civil penalty imposed upon Kraftco is not self-executing and that the assessment cannot occur until the matter is referred to the Attorney-General and he proceeds in accordance with section 44 of the Agriculture and Markets Law. Accordingly, the penalty is not reviewable in this proceeding (CPLR 7801, subd 1; *Matter of Dairylea Coop. v Dyson,* 55 AD2d 413; *Matter of Brings Shortening v Wickham,* 36 AD2d 553). We also find that respondent's conclusions that Kraftco "may have intended to mislead or deceive the Commissioner" and that its actions raise "some doubt as to its willingness to properly conduct the business of selling milk" are arbitrary and capricious because there was a genuine disagreement between the parties as to the correct interpretation of the law applicable to the instant situation and there is some question as to whether Kraftco was properly notified that it was being charged with misleading or deceiving conduct. This last finding does not alter our result, however, since the renewal of Kraftco's license was conditioned upon its agreement to comply prospectively with its license limitations.

The determination should be modified, by striking the condition that petitioner pay a $6,000 civil penalty within 30 days, and, as so modified, confirmed, with costs to respondent.

HERLIHY, J. (concurring). I agree with the result in this case upon the ground that the record contains evidence that the petitioner was selling milk to stores located in counties where it was not licensed to do business as evidenced by its billings to those stores. Such facts are consistent with the pattern discerned in the cases of *Matter of Dairylea Coop. v Dyson* (55 AD2d 413); *Matter of Sealtest Foods Div. of Nat. Dairy Prods. Corp. v Wickham* (33 AD2d 51) and *Matter of Glen & Mohawk Milk Assn. v Wickham* (28 AD2d 764, affd 24 NY2d 963, cert den 396 US 1004). The petitioner misconstrues the case of *Matter of Perky Milk Corp. v Wickham* (15 AD2d 624) by overemphasizing the fact that in that case the delivery was f. o. b. at its licensed plant.

It is quite apparent from the decision in *Perky* that the sale

to the Golub Corporation was not a violation of the license to sell in Saratoga County and in any event was not subject to being considered as a sale to the individual Central Markets. In 1961 there was nothing wrong with the transaction involved in *Perky* and the only problem the Perky Milk Corporation had was that it would not be permitted to rely upon the fact that Golub Corporation was already using Perky milk in its stores outside of the licensed counties to support the petition to deliver and sell milk directly to those stores.

Contrary to the position of the majority herein, the language in *Matter of Perky Milk Corp. v Wickham (supra)* which indicated that a prospective purchaser who undertook to purchase from a licensee in a licensed county and transport the milk to an unlicensed county could not be prohibited by action against the licensee, was not obiter dictum. The court in *Perky did not assume* the validity of the *Golub Corporation* purchase but instead passed upon such validity so as to determine the allegation of the petitioner in *Perky* that a license extension would not result in additional competition in otherwise unlicensed counties.

Lastly, I agree with the majority that the penalty is not reviewable in this proceeding.

KOREMAN, P. J., SWEENEY and LARKIN, JJ., concur with MAIN, J.; HERLIHY, J., concurs in a separate opinion.

Determination modified, by striking the condition that petitioner pay a $6,000 civil penalty within 30 days, and, as so modified, confirmed, with costs to respondent.