In the Matter of GLEN & MOHAWK MILK ASSOCIATION, INC., Petitioner, v J. ROGER BARBER, as Commissioner of Agriculture and Markets of the State of New York, et al., Respondents.

Third Department, November 6, 1980

### APPEARANCES OF COUNSEL

*McNamee, Lochner, Titus & Williams, P. C. (Arthur Karger* and *David S. Williams* of counsel), for petitioner.

*Thomas G. Conway (Dennis P. Buckley* of counsel), for J. Roger Barber, respondent.

### OPINION OF THE COURT

MAIN, J.

Petitioner Glen and Mohawk Milk Association, Inc., was a milk dealer licensed to operate a plant for the processing of milk and milk products in Fultonville, New York, and to sell milk and milk products at wholesale in 29 counties of New York State and on a limited basis in other counties of the State. On various dates in 1978 petitioner filed applications with the Department of Agriculture and Markets for extensions of its milk dealer's license so as to grant it unlimited wholesale rights in Broome and Herkimer Counties and limited wholesale rights in Clinton County. Consolidated hearings were held on these applications as well as on certain charges of alleged violations of law by petitioner as specified in the

notices of hearing, and thereafter, on October 5, 1979, respondent Commissioner of Agriculture and Markets rendered his determination wherein he granted the Herkimer County application and denied the applications for Broome and Clinton Counties. Additionally, he directed that petitioner comply with certain requirements, including the payment of $16,618 in interest to Eastern Milk Producers Cooperative Association because of its failure to make timely payment for milk purchased by it from Eastern, in order to maintain its existing license authorization, and he also assessed a penalty of $40,-000 against petitioner because of petitioner's violations of the Agriculture and Markets Law and rules and regulations promulgated thereunder.

As a result, there ensued the instant CPLR article 78 proceeding in which petitioner seeks to have respondent's determination annulled except insofar as it grants petitioner's application for a Herkimer County license extension. By order of Special Term entered in Albany County, the proceeding was subsequently transferred to this court and implementation of respondent's determination was stayed, with the exception of the Herkimer County license extension, pending determination of the proceeding.

■ Upon our examination of the record herein, we conclude that respondent's determination should not be disturbed. In so ruling, we initially hold that respondent made various factual findings each of which is supported by a preponderance of the evidence in the record and sufficient by itself to justify the denial of petitioner's applications for license extensions into Broome and Clinton Counties (see Agriculture and Markets Law, § 258-c). Not only has petitioner concededly engaged in illegal and unlicensed sales of milk and milk products in the subject counties in violation of subdivision 1 of section 257 of the Agriculture and Markets Law (see, also, Agriculture and Markets Law, § 258-c, subd [k]), but it is also uncontested that petitioner failed to furnish all the information required by respondent (Agriculture and Markets Law, § 258-c, subd [g]). Additionally, petitioner admits that it was often late in making payments to Eastern Milk Producers Cooperative Association for milk and milk products which it had purchased from Eastern, and alleged minor errors in Eastern's billings for the purchases plainly did not provide petitioner with reasonable cause to withhold the entire balances due on the purchases (see Agriculture and Markets Law, § 258-c, subd [b]). Under

these circumstances, even though a close factual question was presented relative to respondent's finding that the issuance of the subject license extensions would potentially have a detrimental anticompetitive effect upon the milk markets involved, there are plainly alternative grounds warranting the denial of the license extensions.

■ As for respondent directing that petitioner pay Eastern $16,618 in interest as a condition for the continuation of its existing license, this was also proper. By its failure to make timely payments to Eastern for its milk purchases, petitioner thereby acquired interest-free credit in violation of the Agriculture and Markets Law, as noted above, and the payment of the interest to Eastern is a suitable penalty for such conduct in that it appropriately relates to the administration of article 21 of the Agriculture and Markets Law (see Agriculture and Markets Law, § 258-c) by protecting a milk producer and thereby helping to insure that the flow of milk to the public will not be interrupted.

■ ■ The remaining filing and reporting requirements imposed upon petitioner as conditions for the continuation of its existing license are similarly authorized by statute (Agriculture and Markets Law, § 258-c) and relate to the administration of article 21, and they are justified by petitioner's conduct in its past operation of its milk dealer's business. Likewise, it was not error for respondent to reject two requests by petitioner for a new hearing because nothing new was presented by petitioner which, if proven, would warrant modification of respondent's determination. Lastly, the $40,-000 penalty assessed against petitioner is not reviewable in this proceeding because it is not self-executing and its assessment must await action by the Attorney-General (Matter of Kraftco Corp. v Walkley, 55 AD2d 417).

The determination should be confirmed, and the petition dismissed, with costs to respondent commissioner.

MAHONEY, P. J., GREENBLOTT, SWEENEY and MIKOLL, JJ., concur.

Determination confirmed, and petition dismissed, with costs to respondent commissioner.