■ In the Matter of WILLIAM ALHMEYER, Petitioner, v NEW YORK STATE POLICEMEN'S AND FIREMEN'S RETIREMENT SYSTEM, Respondent. — Proceeding

pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Comptroller, which denied petitioner's application for accidental disability retirement benefits. Petitioner, a police officer, was injured while in the performance of his duties. Respondent concedes that an accident occurred within the meaning of the Retirement and Social Security Law. At issue is whether petitioner is indeed incapable of performing his duties as a patrolman. Qualified medical experts retained by respondent indicated that petitioner was not disabled from performing his duties. Petitioner's equally qualified expert testified to the contrary. The medical evidence being conflicting, the Comptroller was empowered to assign greater weight to the testimony of one doctor over another. Inasmuch as respondent's experts' testimony provided substantial evidence to support the Comptroller's determination, it must be affirmed *(Matter of Shaw v New York State Employees' Retirement System,* 78 AD2d 708; *Matter of Sica v New York State Employees' Retirement System,* 75 AD2d 927, affd 52 NY2d 941). Absent a factual showing of some impropriety in the hearing process, the mere fact that the Comptroller appointed the hearing officer and the doctors who examined petitioner on behalf of the retirement system does not equate to a denial of due process *(Withrow v Larkin,* 421 US 35; *Matter of Beres & Sons Dairy v Barber,* 75 AD2d 930, affd 52 NY2d 1026). Determination confirmed, and petition dismissed, without costs. Main, J.P., Casey, Yesawich, Jr., Weiss and Herlihy, JJ., concur.