■ In the Matter of NAT KAGAN MEAT & POULTRY, INC., Petitioner, v JOSEPH GERACE, as Commissioner of the State of New York Department of Agriculture and Markets, Respondent.—Main, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of respondent which, *inter alia,* found petitioner in violation of Agriculture and Markets Law § 199-a (1) and § 201-a.

Petitioner was the subject of an investigation conducted by the State Department of Agriculture and Markets (Department) with the assistance of United States Department of Agriculture Compliance Officer Edward L. Fayer. That investigation focused on the alleged sale by petitioner of nonkosher meat misbranded as kosher meat. After petitioner was

charged with violating Agriculture and Markets Law § 199-a (1) and § 201-a, the Department conducted a hearing on the charges. After the hearing was concluded, the hearing officer recommended that petitioner be found guilty of violating the aforementioned statutory provisions and that it be fined $10,-600. Respondent adopted the hearing officer's findings of fact but imposed a fine of $25,000. Petitioner then commenced this CPLR article 78 proceeding.

We note at the outset that, contrary to respondent's contention, this proceeding is not barred by the Statute of Limitations. Respondent argues that the 30-day limitation set forth in Agriculture and Markets Law § 202-b governs this case. That statute, dealing with the seizure and quarantine of unfit or unsafe food, mandates that a party wishing to challenge a determination by respondent with regard to the destruction of such food must commence a proceeding within 30 days from the service of respondent's determination upon the party. Here, however, petitioner is seeking review not of the determination to dispose of the seized meat, but of the determination that it misbranded nonkosher meat. Accordingly, the four-month Statute of Limitations of CPLR 217 is applicable, and this proceeding was thus timely commenced.

Petitioner first argues that it was denied due process at the Department's hearing because the hearing officer was employed by the Department. Standing alone, the fact that the hearing officer was a Department employee is insufficient to show a violation of petitioner's due process rights *(see, Matter of Beres & Sons Dairy v Barber,* 75 AD2d 930, 931, *affd* 52 NY2d 1026). In order to demonstrate a denial of due process, petitioner would have had to have made "a factual showing of some impropriety in the hearing process" *(Matter of Alhmeyer v New York State Policemen's & Firemen's Retirement Sys.,* 82 AD2d 954, 955). Petitioner has failed to make such a showing and, in fact, concedes that it "could not say with certainty that the Hearing Officer was biased and/or prejudiced". Such being the case, we must reject any argument that petitioner's due process rights were violated merely because the hearing officer was employed by the Department.

Petitioner next asserts that respondent's determination lacks substantial evidentiary support. We disagree. Fayer provided extensive testimony at the hearing. That testimony, outlining the procedures involved in his investigation, clearly shows that the meat in question, while nonkosher in origin, was represented as being kosher to certain of petitioner's customers. It is true that Fayer's testimony conflicted with

that of Nat Kagan, president of petitioner, and Edward Mc-Kune, a butcher employed by petitioner. However, it is the province of the hearing officer to determine issues of credibility *(see, Matter of Collins v Codd,* 38 NY2d 269, 270-271), and where substantial evidence exists to support his determination, as it does here, that determination must be sustained *(see, Matter of Pollman v Fahey,* 106 AD2d 771, 773).

Finally, petitioner alleges error in the calculation of the penalty imposed against him. The penalty imposed is not self-executing, however, and its assessment must await action by the Attorney-General. Because the record does not reveal that any such action has been taken, the assessment is nonfinal at this juncture and, hence, not reviewable in this proceeding *(see,* Agriculture and Markets Law § 44 [1]; *Matter of Glen & Mohawk Milk Assn. v Barber,* 77 AD2d 127, 130, *lv denied* 52 NY2d 704, *appeal dismissed* 52 NY2d 828; *Matter of Brings Shortenings v Wickham,* 36 AD2d 553, 554).

Determination confirmed, and petition dismissed, with costs. Kane, J. P., Main, Weiss, Mikoll and Yesawich, Jr., JJ.