◼ In the Matter of ENRIQUE BENITEZ, Appellant, v THOMAS COUGHLIN, as Commissioner of the Department of Correctional Services, et al., Respondents.—Judgment unanimously affirmed. Memorandum: In this CPLR article 78 proceeding, petitioner challenges a determination made following a Tier III prison disciplinary hearing finding him guilty of assault and disobeying direct orders. He contends that he was denied due process because the disciplinary hearing was not conducted by a "neutral and detached" Hearing Officer *(see, Morrissey v Brewer,* 408 US 471).

The charges against petitioner were set forth in two inmate misbehavior reports filed by Correction Officers Beats and Cortwright concerning incidents that occurred on May 11, 1988. The hearing on those charges was conducted on May 17, and May 19, 1988 before Lieutenant Robert Bathrick as acting captain. It appears that prior to the hearing, petitioner sent a threatening letter to Superintendent Kelly. The letter was forwarded by the Deputy Superintendent of Security to Bathrick who, on May 13, 1988, filed a misbehavior report charging petitioner with making threats in the letter. Petitioner contends in this proceeding that Lieutenant Bathrick was thus disqualified from serving as Hearing Officer on the charges filed by Beats and Cortwright.

In dismissing the petition, Supreme Court found that Bathrick had no prior knowledge of the facts presented at the hearing, that the misbehavior report filed by Bathrick was completely unrelated to the charges considered at the hearing, that Bathrick had no personal interest in the May 13 report and apparently had endorsed it in the course of his official

duties, and that there was no evidence of bias or hostility on the part of Bathrick toward petitioner. On those findings, the court concluded that petitioner's due process rights were not violated.

We note at the outset that petitioner raised no objection, either at the time of the hearing or on his administrative appeal, to Lieutenant Bathrick's serving as Hearing Officer. Thus the issue is not preserved for review *(see, Matter of Samuels v Kelly,* 143 AD2d 506, *lv denied* 73 NY2d 707). Were we to undertake review, we would find petitioner's argument to be without merit. The determination of a Hearing Officer in a prison disciplinary proceeding will not be disturbed where, as here, there has been no showing of a conflict of interest, prejudgment or other record evidence of real bias *(Matter of Grant v Senkowski,* 146 AD2d 948, 950). Moreover, we take this opportunity to repeat that *People ex rel. Pyclik v Smith* (81 AD2d 1016), which is relied upon by petitioner, was properly decided *(see, People ex rel. Shippens v Smith,* 91 AD2d 870, *affd* 59 NY2d 641), but to the extent that it is read to hold that every appearance of impropriety will vitiate an administrative judgment, it is not to be followed *(see, Matter of 1616 Second Ave. Rest. v New York State Liq. Auth.,* 75 NY2d 158). (Appeal from judgment of Supreme Court, Wyoming County, Dadd, J.—art 78.) Present—Dillon, P. J., Callahan, Doerr, Denman and Lowery, JJ.