■ In the Matter of PAUL RIVERA, Petitioner, v LOUIS MANN, as Superintendent of Shawangunk Correctional Facility, et al., Respondents. [637 NYS2d 230] —Casey, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the

Supreme Court, entered in Ulster County) to review a determination of respondent Superintendent of Shawangunk Correctional Facility which placed petitioner in administrative segregation.

During a family reunion program visit at Shawangunk Correctional Facility in Ulster County where petitioner was an inmate, he sexually assaulted his daughter. When the incident was discovered, petitioner was confined pending an involuntary protective custody hearing. After a hearing, it was determined that petitioner should remain in involuntary protective custody. Thereafter, a misbehavior report was issued relating to the conduct; however, it was withdrawn when formal criminal charges alleging rape in the second degree were filed. The misbehavior report was replaced with an administrative segregation recommendation on the basis that petitioner's presence in the general prison population would pose a threat to the safety and order of the correctional facility. A hearing was held which resulted in a determination that administrative segregation was warranted. Petitioner commenced this proceeding pursuant to CPLR article 78.

Petitioner contends that he was denied a fair hearing because the Hearing Officer was an employee of the Central Office of the Department of Correctional Services, but fails to point to any irregularity with the appointment (see, 7 NYCRR 254.1; *Matter of Kagan Meat & Poultry v Gerace,* 118 AD2d 1043) or to allege a conflict of interest, prejudgment or evidence of real bias (see, *Matter of Benitez v Coughlin,* 159 AD2d 986, 987). Similarly without merit is petitioner's contention that his hearing was untimely because it occurred 20 days after his initial confinement. The first 14 days of restrictive confinement were involuntary protective custody confinement, the hearing on which was timely (see, 7 NYCRR 301.4 [a]). Petitioner has not challenged that determination. After criminal charges were commenced, a decision was made that administrative segregation was more appropriate. The hearing on that determination was held within six days and was timely (see, 7 NYCRR 330.3 [b] [1]). In any event, there is no showing of substantial prejudice due to the alleged delay (see, *Matter of Covington v Stinson,* 221 AD2d 739).

A review of the record reveals ample evidentiary support for the challenged determination, both in that the underlying sexual assault occurred, and that an inmate who committed or is accused of committing such an assault, in the nature of incest, if left in the general inmate population, would pose a threat to the safety and order of the correctional facility. Ac-

cordingly, the determination must be confirmed and the petition dismissed.

Cardona, P. J., Mikoll, White and Spain, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.