■ In the Matter of LESLIE PEREZ, Petitioner, v PHILIP COOMBE, JR., as Acting Commissioner of the New York State Department of Correctional Services, Respondent. [648 NYS2d 178] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

As the result of a routine search of his cell, petitioner was found guilty of violating prison disciplinary rules prohibiting inmates from possessing weapons and contraband. He raises a number of procedural challenges to this determination arguing, inter alia, that he was impermissibly denied the opportunity to view the search of his cell and that the Hearing

Officer improperly participated in the investigation of the incident.*

Initially, the record discloses that, during the search, petitioner was present in the recreation room by his own choice and did not at that time make a request to view the search. In view of this, as well as the fact that petitioner was not removed from his cell so that the search could be conducted, we do not find that respondent violated applicable regulations (*cf.*, *Matter of Patterson v Coughlin*, 198 AD2d 899). Further, we do not find on the record before us that the Hearing Officer was significantly involved in the investigation of the incident so as to create a conflict of interest or bias which influenced the outcome of the hearing (*see, Matter of Rivera v Mann*, 224 AD2d 740). We have considered petitioner's remaining contentions and find them to be without merit.

Mikoll, J. P., White, Casey, Peters and Spain, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.

---

* Inasmuch as petitioner does not raise the issue of substantial evidence, Supreme Court improperly transferred this proceeding to this Court for review. Nonetheless, we shall address the merits in the interest of judicial economy (*see, Matter of Harris v New York State Div. of Parole*, 211 AD2d 205).