Patterson, J.,
dissents and votes to affirm in the following memorandum. The questions presented on the appeal are whether the Commissioner of Agriculture and Markets is authorized under the Agriculture and Markets Law to bring the instant action and, if not, may he in any event do so under the authority delegated to him by the Attorney-General of the State of New York.
Section 8 of the Agriculture and Markets Law states that counsel may be appointed by the Commissioner to, inter alia, represent the Commissioner in all actions and proceedings under the Agriculture and Markets Law “except that the attorney-general of the state shall continue to have direct charge of and bring such actions as he may deem necessary for any and all violations of this chapter” (emphasis added). Further, section 44 of said law provides in relevant part as follows:
“Prosecution for penalties
“1. Whenever the commissioner shall know or have reason to believe that any penalty has been incurred by any person for a violation of any of the provisions of this chapter, or of any other law the enforcement of which is within the jurisdiction of the department, or of the rules of the department, or that any *604 sum has been forfeited by reason of any such violation, the commissioner may report the facts to the attorney general who may cause an action or proceeding to be brought in the name of the people for the recovery of the same. Such action may be brought in the county where the defendant resides or the violation, or any part thereof, occurred.” (Emphasis added.)
It is apparent from a review thereof that the Attorney-General, and not the Commissioner, has the sole authority to bring actions to recover penalties for violations of the Agriculture and Markets Law and that said actions must be brought in the name of the People. It could hardly be argued otherwise in light of the line of cases which provide that penalties imposed by the plaintiff herein are not self-executing and the assessment thereof must await action by the Attorney-General. When such action is not taken, the assessment is deemed non-final and not even reviewable by means of an article 78 proceeding (see, Matter of Kagan Meat & Poultry v Gerace, 118 AD2d 1043; Matter of Glen & Mohawk Milk Assn. v Barber, 77 AD2d 127, Iv denied 52 NY2d 704; Matter of Kraftco Corp. v Walkley, 55 AD2d 417; Matter of Dairylea Coop. v Dyson, 55 AD2d 413, Iv denied 41 NY2d 803; Matter of Brings Shortenings v Wickham, 36 AD2d 553). The Commissioner argues, and is joined in said argument by the Attorney-General who submitted an amicus brief, that pursuant to their agreement the Commissioner was specifically authorized to bring such actions. The purported agreement apparently consists of letters dated September 30, 1991 and February 28, 1992. Assuming, arguendo, that said letters may be considered by this court on the appeal, a review thereof reveals that the Attorney-General is divesting himself of all control and discretion concerning the commencement and prosecution of actions involving the recovery of penalties. The delegation gave the Commissioner the fundamental responsibility for determining what actions to bring. There is no indication that the Attorney-General retained any supervisory functions or that the Commissioner even had to keep the Attorney-General apprised of what actions had been commenced. The foregoing was improper. (See, Matter of Moe v Kuriansky, 120 AD2d 594; Matter of Doe v Kuriansky, 158 Misc 2d 797; 2 NY Jur 2d, Administrative Law, § 75.) While I am fully cognizant of the fact that this result may impose an undue burden upon the Attorney-General, the resolution of the problem must await action by the Legislature.
Finally, section 44 of the Agriculture and Markets Law specifically provides that the action is to be brought in the *605 name of the People, which was not done in the instant case (see, CPLR 1301; 22 Carmody-Wait 2d, NY Prac § 135:10).
Accordingly, the lower court properly dismissed the complaint.
Scholnick, J. P., and Aronin, J., concur; Patterson, J., dissents in a separate memorandum.