■ In the Matter of STEVEN BARKSDALE, Petitioner, v THOMAS A. COUGHLIN, III, as Commissioner of the New York State Department of Correctional Services, Respondent. [595 NYS2d 336] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was found guilty of violating State-wide rules 104.10 (7 NYCRR 270.2 [B] [5] [i]; rioting) and 109.11 (7 NYCRR 270.2 [B] [10] [ii]; leaving an assigned area without authorization) as a result of his activities during an inmate uprising on May 28-29, 1991 at Southport Correctional Facility in Chemung County. Petitioner contends in this proceeding that the determination is not supported by substantial evidence and that the failure of the Hearing Officer to record a session at which several Hearing Officers reviewed a videotape and photographs of the uprising or to disclose to petitioner the information reviewed at that session requires annulment.

The misbehavior report states that petitioner was observed by two correction officers, one of whom authored the report, outside of his assigned exercise unit during the incident. It also states that petitioner failed to leave the area of the riot although given an opportunity to do so and continued to "participate in the riot". This report, as well as petitioner's admission that he had left his exercise unit after it was opened by inmates, the testimony of the two correction officers who identified petitioner confirming the statements in the report, and the videotape evidence that all inmates appeared to have left their units before the introduction of tear gas, provide substantial evidence supporting the findings of guilt *(see, Matter of Williams v Coughlin,* 190 AD2d 883; *Matter of Hillard v Coughlin,* 187 AD2d 136). Further, the failure of the Hearing Officer to record and disclose to petitioner the information reviewed in the session with other Hearing Officers did not deny petitioner due process *(see, supra).* Finally, to the extent that petitioner argues that he should have been given the opportunity to review the videotapes of the incident, the transcript of petitioner's hearing and his employee assistant form reveals that petitioner affirmatively waived his right to

review the videotape at the hearing *(see, Matter of Williams v Coughlin, supra).*

Weiss, P. J., Yesawich Jr., Mercure, Mahoney and Casey, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.