■ In the Matter of STONEY HARRISON, Appellant, v DON-ALD SELSKY, as Director of Special Housing/Inmate Discipline, et al., Respondents. [604 NYS2d 615] —Cardona, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondents which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was charged in one misbehavior report with violation of State-wide rule 113.12 (7 NYCRR 270.2 [B] [14] [iii] [inmate shall not use a controlled substance]). A Superintendent's hearing was held and petitioner was found guilty of the charge. After administrative appeal, petitioner commenced this proceeding alleging that the determination was not supported by substantial evidence and that various procedural errors require annulment. Supreme Court transferred the proceeding to this Court.

There is no error in the Hearing Officer's denial of petitioner's requests to call certain witnesses during the hearing because their testimony was irrelevant *(see, Matter of Warren v Irvin,* 184 AD2d 1059; *see also,* 7 NYCRR 254.5 [a]). From this record, it is clear that none of the requested witnesses could provide relevant testimony as to whether petitioner was under the influence of a controlled substance on the critical date. Under the circumstances herein, the denial by the Hearing Officer to call two additional witnesses after all testimony was concluded, findings made and a penalty imposed was not a violation of petitioner's due process rights *(see, Matter of Colucci v Scully,* 173 AD2d 953; *Matter of Gomez v Coughlin,* 140 AD2d 902).

The requirement of commencing a hearing within seven days of "the inmate's initial confinement pending said disciplinary hearing" (7 NYCRR 251-5.1 [a]) was not violated because the rule does not apply if the inmate is in confinement based on other disciplinary determinations at the time *(see, Matter of Young v Coughlin,* 144 AD2d 753, *lv dismissed* 74 NY2d 625). In the instant case, there is substantial evidence that petitioner was in administrative segregation based on a different disciplinary determination.

The drug-testing procedures were sufficiently reliable to justify the determination that the petitioner used a controlled substance. The positive results of the EMIT test, confirmed by a second test, constituted substantial evidence *(see, Matter of Lahey v Kelly,* 71 NY2d 135). Under the circumstances herein, "[t]he chain of custody information set forth on the urinalysis forms provided a sufficient foundation for their admission" *(Matter of Lewis v Coughlin,* 172 AD2d 889).

Finally, the record reveals no evidence of bias on the part of the Hearing Officer affecting the outcome of this hearing *(see, Matter of Nieves v Coughlin,* 157 AD2d 943). Denying an additional test after the fact was proper because such a test could not exonerate prior drug use.

Weiss, P. J., Mercure, Mahoney and Casey, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.