■ In the Matter of RONNIE COVINGTON, Petitioner, v JAMES STINSON, as Superintendent of Great Meadow Correctional Facility, et al., Respondents. [633 NYS2d 646] —Yesawich Jr., J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Washington County) to review a determination of respondent Superintendent of Great Meadow Correctional Facility which found petitioner guilty of violating certain prison disciplinary rules.

While in restrictive confinement and being escorted to a continued session of an ongoing tier III inmate disciplinary hearing, petitioner refused the direct order of the correction officer assigned to escort him to assume the proper position to permit a thorough pat-down frisk, despite specific directions from the officer. The resulting disciplinary charges were supported at a hearing by the misbehavior report and testimony of the correction officer assigned to escort petitioner. Petitioner commenced this proceeding contending that the determination finding him guilty of failing to obey a direct order and failing to permit a frisk was not supported by substantial evidence.

The detailed misbehavior report signed by the witnessing correction officer and his accompanying testimony provided ample evidence to sustain the charges (*see, Matter of Bernacet v Coughlin,* 145 AD2d 802, *lv denied* 74 NY2d 603). Any discrepancy in the proof introduced by petitioner merely created an issue of credibility for the Hearing Officer to resolve (*see, supra,* at 803). We also reject petitioner's argument that his hearing was untimely because it was commenced on the eighth day following the incident. The time limitations (7 NYCRR 251-5.1), which are directory and do not operate to oust jurisdiction absent substantial prejudice not present here (*see, Matter of Taylor v Coughlin,* 135 AD2d 992, 993), were complied with. Furthermore, the seven-day time period of 7 NYCRR 251-5.1 (a) does not apply because petitioner's restrictive confinement was unrelated to the pending disciplinary charges (*see, Matter of Harrison v Selsky,* 198 AD2d 728, 729).

We find petitioner's contention that the Hearing Officer was biased and not impartial wholly unsupported by the record (*see, Matter of Nieves v Coughlin,* 157 AD2d 943, 944). Petitioner's remaining contentions have been examined and are without merit.

Mikoll, J. P., Crew III, Casey and Spain, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.