■ In the Matter of FRANCIS SMYTHE, Petitioner, v R. J. Mc-CLELLAN, as Superintendent of Southport Correctional Facility, Respondent. [641 NYS2d 144] —Crew III, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Chemung County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner, an inmate at Southport Correctional Facility in Chemung County, was served with a misbehavior report charging him with violating prison rules prohibiting lying or providing misleading information, stealing, interfering with facility employees, possessing contraband and engaging in conduct

that disturbs the order of the facility. The charges stemmed from an incident occurring in July 1994 as petitioner and another inmate were being escorted back to their cells following a court appearance. After the other inmate removed his personal property from a cart, six bags remained and, according to a correction officer, petitioner indicated that all of the bags belonged to him. As it developed, only three of the six bags actually belonged to petitioner. Following a disciplinary hearing, petitioner was found guilty of possessing contraband, interfering with facility employees and making false statements, and a 30-day suspended penalty was imposed. Petitioner's subsequent administrative appeal was unsuccessful, prompting the commencement of this proceeding to set aside respondent's determination.

As a starting point, petitioner's assertion that the determination should be annulled due to various procedural errors is lacking in merit. Because petitioner already was being held in restrictive confinement at the time of the incident, the requirement that his hearing be held within seven days of confinement simply was not applicable (*see, Matter of Covington v Stinson*, 221 AD2d 739). Additionally, inasmuch as the correction officers who witnessed the incident either testified at the hearing or had their testimony waived by petitioner, the failure of certain officers to endorse the misbehavior report in no way prejudiced petitioner (*see, Matter of Smith v Walker*, 209 AD2d 799, 800, *lv denied* 85 NY2d 807). Finally, the record does not support petitioner's claim that the Hearing Officer was biased or should otherwise have been disqualified from conducting the hearing in question (*see, Matter of Blackshear v Coughlin*, 185 AD2d 493, 493-494).

Turning to the merits, although the misbehavior report and the testimony of the hearing witnesses, including petitioner, established that petitioner was guilty of possessing contraband and making false or misleading statements, we agree with petitioner that the charge of interfering with facility employees is not supported by substantial evidence in the record. In support of this rule violation, respondent argues that petitioner's misleading statements necessitated a search of the entire gallery, thereby interfering with the correction officers' routine daily duties. In our view, although such conduct may well have supported a violation of rule 104.13 (7 NYCRR 270.2 [B]

[5] [iv] [disturbing the order of the facility]),* it simply is not the type of conduct rule 107.10 (7 NYCRR 270.2 [B] [8] [i] [verbally or physically interfering with a facility employee]) was designed to prevent (*see, e.g., Matter of Readdon v Mitchell*, 210 AD2d 710). Accordingly, the determination finding petitioner guilty of violating rule 107.10 must be annulled and, under the circumstances, all references to this charge should be expunged from petitioner's institutional record. Petitioner's remaining contentions, including his assertion that the penalty imposed was improper, have been examined and found to be lacking in merit.

Mikoll, J. P., Mercure, Yesawich Jr. and Peters, JJ., concur. Adjudged that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of violating prison disciplinary rule 107.10; all references to said charge are to be expunged from petitioner's institutional record; and, as so modified, confirmed.

---

* Inexplicably, although petitioner was charged with violating rule 104.13, no reference was made to this charge in the determination rendered in this matter.