▪ In the Matter of SHERMAN BOLLING, Petitioner, v PHILIP COOMBE, JR., as Acting Commissioner of the Department of Correctional Services, Respondent. [651 NYS2d 632] —Yesawich Jr., J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating a prison disciplinary rule.

While an inmate at Adirondack Correctional Facility in Washington County, petitioner was charged with possessing a controlled substance after correction officers found a marihuana cigarette among petitioner's personal belongings. He was found guilty of this charge after a disciplinary hearing. Petitioner challenges the administrative determination upon a number of grounds, arguing, *inter alia*, that the misbehavior report did not comply with regulatory requirements and that the Hearing Officer committed numerous errors which deprived him of due process.*

Initially, although the hearing was not completed within 14 days of petitioner's receipt of the misbehavior report, petitioner specifically informed the Hearing Officer at the disciplinary hearing that he would waive his right to have the hearing

---

* Insofar as petitioner does not raise the issue of substantial evidence, Supreme Court improperly transferred this proceeding to this Court. Nevertheless, we will consider the merits of petitioner's claims in the interest of judicial economy (*see, Matter of Harris v New York State Div. of Parole*, 211 AD2d 205, 206).

concluded within 14 days in order to obtain the testimony of certain witnesses. Under these circumstances, we find that petitioner has waived his right to raise this claim on appeal (*see, e.g., Matter of Marino v Coombe,* 231 AD2d 788; *Matter of Barksdale v Coughlin,* 191 AD2d 935, *lv denied* 82 NY2d 651).

As for petitioner's assertion that the misbehavior report did not comply with the requirements of 7 NYCRR 251-3.1, because it was not endorsed by one of the correction officers who participated in the search of his locker, this does not, under these circumstances, provide a basis for annulling the administrative determination. The regulation provides that "[w]here more than one employee has personal knowledge of the facts" underlying the misbehavior report, "each employee shall make a separate report" or "shall endorse his/her name on a report made by one of the employees" (7 NYCRR 251-3.1 [b]). Although the misbehavior report filed against petitioner, which was prepared by the correction officer who tested the contraband, was endorsed by only one of the two correction officers who conducted the search, petitioner has not demonstrated that he was prejudiced in any way by the omission of the second officer's signature. Accordingly, this technical defect was harmless (*see, Matter of Smythe v McClellan,* 226 AD2d 840; *Matter of Smith v Walker,* 209 AD2d 799, *lv denied* 85 NY2d 807). We have considered petitioner's challenges to the Hearing Officer's evidentiary rulings and manner of conducting the hearing and find them to be without merit.

Mikoll, J. P., Crew III, Peters and Spain, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.