■ In the Matter of JOHN AMANTE, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, et al., Respondents. [659 NYS2d 809] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme

Court, entered in Albany County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating a prison disciplinary rule.

After petitioner's urine tested positive for cannabinoids, he was found guilty of violating the prison disciplinary rule prohibiting the use of unauthorized controlled substances. Contrary to petitioner's contention, the two-minute discrepancy between the testing times indicated on the misbehavior report and the urinalysis form does not warrant a finding that the chain of custody was defective (see generally, Matter of Berrios v Kuhlmann, 143 AD2d 475, 477). Petitioner's argument that the Hearing Officer improperly relied on facts outside the record as a basis for rejecting petitioner's assertion that the positive test result was caused by exposure to second-hand marihuana smoke has not been preserved for review (see, Matter of Satchell v Coughlin, 178 AD2d 795, 796). And, as petitioner essentially concedes, the positive result of the urinalysis test, confirmed by a second test, along with the misbehavior report, constitute substantial evidence to support the determination of guilt (see, Matter of Lahey v Kelly, 71 NY2d 135; Matter of Smith v Coughlin, 191 AD2d 783, lv denied 82 NY2d 653).

Cardona, P. J., Mercure, Yesawich Jr., Peters and Carpinello, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.