■ In the Matter of MARIO ALVAREZ, Petitioner, v GLENN GOORD, as Commissioner of the New York State Department of Correctional Services, et al., Respondents. [663 NYS2d 383] —Spain, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was found guilty of violating prison disciplinary rules, to wit, a sexual solicitation violation and a correspondence violation which included correspondence with an unrelated minor without approval and sending obscene materials through the mail. The charges were based on numerous sexually explicit letters which petitioner had allegedly written and sent to a 14-year-old girl. Petitioner was sentenced to two years in special housing with loss of certain privileges, loss of two years' good time, denial of two years' visitation with his wife

and the child and a recommendation for a watch on his correspondence. Respondent Commissioner of Correctional Services affirmed the determination, and petitioner commenced this CPLR article 78 proceeding challenging the determination in Supreme Court, which was transferred to this Court.

Initially, we reject petitioner's contentions that he was denied prehearing assistance and was prejudiced when he had to proceed without assistance at the hearing. The record reveals that when petitioner was first notified of the charges, he signed a request for assistance. When the assigned assistant visited petitioner he pulled his bed covers over his face and would not respond. Although petitioner claimed he did not remember this episode and was not competent to waive assistance because he was in the mental housing unit at the time, the Hearing Officer took confidential testimony with respect to petitioner's mental condition at the time he allegedly rejected assistance. In our view, the record supports the Hearing Officer's conclusion that petitioner competently waived his right to assistance (*see, Matter of McKenzie v Coombe*, 236 AD2d 652; *see also*, 7 NYCRR 251-4.1). Moreover, the Hearing Officer took steps to avoid any prejudice and to ensure that petitioner had a fair hearing by attempting to track down petitioner's requested witnesses, seeking appropriate extensions (including one enabling petitioner's wife to mail in additional evidence), duplicating requested documents immediately so that petitioner could review them over the weekend, allowing petitioner to raise every conceivable objection, and repeatedly informing petitioner of his rights, including his right to appeal. Accordingly, we conclude that petitioner was not prejudiced by not having the help of an assistant (*see, Matter of Irby v Kelly*, 161 AD2d 860, 861; *Matter of Al Jihad v Mann*, 159 AD2d 914, *lv denied* 76 NY2d 706).

We also conclude that the determination was supported by substantial evidence (*see, People ex rel. Vega v Smith*, 66 NY2d 130, 139-140; *300 Gramatan Ave. Assocs. v State Div. of Human Rights*, 45 NY2d 176, 179-181; *see also*, CPLR 7803 [4]). The record contains nine letters from petitioner to the child wherein petitioner explicitly describes, *inter alia*, a recent conjugal trailer visit with his wife and sexual activity that he hoped to engage in with the child; further, petitioner encourages the child to tell him her sexual fantasies. Petitioner's wife verified that the child was 14 years old and that the child and petitioner exchanged letters with sexual content. Petitioner, who acknowledged writing the letters, defended his actions claiming that he was merely replying to the child's sexual in-

quiries and asserting that the characterization of the contents of the letters as soliciting sexual acts or as obscene was "absurd". In our view, the letters graphically described, encouraged and solicited sexual acts from a child. Clearly, such evidence supports the Commissioner's determination.

We also reject petitioner's contention that he was improperly denied the opportunity to retain and review the misbehavior report 24 hours prior to the hearing in violation of 7 NYCRR 254.6 (a). The record reveals that petitioner was served with the misbehavior report on April 24, 1996; however, within an hour it was taken away from him when he was moved to a mental health housing unit because of his depression and suicidal behavior. When the hearing began on May 2, 1996, petitioner immediately notified the Hearing Officer that he did not have a copy of the misbehavior report whereupon the Hearing Officer read the report to petitioner, but did not provide him with a copy; petitioner did not object at this point. Although during the course of the hearing petitioner asked for certain documents which the Hearing Officer provided him, petitioner never requested a copy of the misbehavior report. Notably, the Hearing Officer asked petitioner if there were any further requests for documents three times. At the conclusion of the hearing petitioner objected to the fact that he did not have the misbehavior report. In our view, petitioner waived his right to review the misbehavior report; moreover, petitioner has been unable to show that any prejudice resulted from this alleged error (*see, Matter of Bolling v Coombe*, 234 AD2d 730; *see also, Matter of Smythe v McClellan*, 226 AD2d 840), especially in light of the fact that he admitted that he wrote the letters.

In view of ample evidence in the record that the Hearing Officer went to great lengths to accommodate petitioner's right to a fair hearing, we reject petitioner's contention that the Hearing Officer's alleged bias affected the outcome (*see, Matter of Barnhill v Coombe*, 239 AD2d 719). Notably, the record reveals that the Hearing Officer attempted to contact the child's mother and the child no less than eight times over a span of four days which included phone calls on Saturday and Sunday. In our view, the Hearing Officer made reasonable and substantial efforts to locate those witnesses (*see, Matter of Boyd v Coombe*, 233 AD2d 654). We further find no error in the Hearing Officer's denial of petitioner's request to call two witnesses, including an attorney and an employee of a local social services agency, as their proffered testimony was irrelevant to the disciplinary charges (*see, Matter of Flynn v Coombe*, 239 AD2d 725; *Matter of Greene v Coombe*, 238 AD2d 813).

Finally, we reject petitioner's contention that the penalty imposed was excessive. A penalty will be upheld unless it is so disproportionate to the offense as to shock one's sense of fairness (*see, Matter of Pell v Board of Educ.*, 34 NY2d 222, 233; *see also, Cooper v Morin*, 49 NY2d 69, 82, *cert denied sub nom. Lombard v Cooper*, 446 US 984). Here, the record reveals that petitioner sent letters to a 14-year-old child which contained sexually explicit material and invitations to participate in sexual activity. Given the detrimental and long-term effect that such exposure may have on the child, we do not find the penalty excessive or shocking to one's sense of fairness. Significantly, the child's letters reveal that she attempted suicide and ended up in a mental health facility. The visitation restriction involving petitioner's wife was appropriate, especially in light of his wife's awareness of the contents of the correspondence between petitioner and the child and the fact that she lied to correction officials in order to get the child into the facility to visit petitioner.

We have considered petitioner's remaining contentions and find them to be lacking in merit.

Mikoll, J. P., Crew III, White and Yesawich Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.