■ In the Matter of IsHAM MOORE, Petitioner, v P.S. BUZ-ZETTI, as Hearing Officer, et al., Respondents. [671 NYS2d 823] —Peters, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Chemung County) to review a determination of respondents which found petitioner guilty of violating a prison disciplinary rule.

On September 13, 1996, a correction officer at Elmira Correctional Facility in Chemung County detected a heavy odor of marihuana emanating from the cell where petitioner was keeplocked as the result of a prior disciplinary determination whereby petitioner pleaded guilty to using a controlled substance approximately 12 days earlier. As a result, petitioner submitted a urine sample that was subject to two EMIT tests. The testing equipment was recalibrated between the tests and the result each time was positive for cannabinoids. A misbehavior report was served on September 17, 1996 charging petitioner with the prohibited use of a controlled substance. Following a tier III hearing, petitioner was found guilty and penalty was imposed. The determination was upheld on administrative appeal and this CPLR article 78 proceeding ensued.

We confirm. Initially, petitioner maintains that the evidence establishes that the September 13, 1996 positive EMIT test findings occurred as a result of drugs that were still in his system from his admitted drug use 12 days earlier and,

therefore, he was unfairly accorded a double punishment for the same conduct. However, while it is true that the correction officer in charge of the urinalysis unit at the facility opined that a chronic, long-standing marihuana smoker might theoretically retain the substance in his or her system for more than 10 days,* respondent Hearing Officer was not required to accept petitioner's claim that he fit this definition. Instead, the misbehavior report, urinalysis test results and the hearing evidence provided substantial evidence to support the determination of petitioner's guilt (*see, e.g., Matter of Amante v Goord,* 240 AD2d 837; *Matter of Harrison v Selsky,* 198 AD2d 728).

Assuming, arguendo, that petitioner's remaining arguments are properly before us, we have examined them and found them to be without merit. We disagree that petitioner's hearing was untimely commenced pursuant to 7 NYCRR 251-5.1 (a) since petitioner was already confined pursuant to a prior disciplinary disposition at the time the subject misbehavior report was issued (*see, Matter of Harrison v Selsky, supra,* at 729). With respect to the Hearing Officer's denial of petitioner's request for the testimony of a certain witness, the record supports the Hearing Officer's conclusion that the requested testimony would have been redundant (*see, Matter of Chappelle v Coombe,* 234 AD2d 779, 779-780).

Mikoll, J. P., Mercure, Crew III and Yesawich Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed. ·

---

* There was testimony that a person would have to smoke marihuana four times in one week for it to stay in his or her system for just five days and even a daily smoker would not retain it beyond 10 days.