■ In the Matter of RUBIN SOTO-RODRIGUEZ, Petitioner, v GLENN S. GOORD, as Commissioner of the New York State Department of Correctional Services, et al., Respondents. [677 NYS2d 185] —Yesawich Jr., J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Ulster County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating a prison disciplinary rule.

While petitioner, who is presently incarcerated at Eastern Correctional Facility in Ulster County, was an inmate at Greenhaven Correctional Facility in Dutchess County, he was charged with murder in the second degree in connection with the stabbing of another inmate. Following his transfer to Eastern, he was placed in administrative segregation, pending disposition of the criminal proceeding, for the safety and security of the other inmates and staff at the facility. Petitioner subsequently pleaded guilty to assault in the second degree and was thereafter served with a misbehavior report charging him with committing a Penal Law offense, in violation of prison disciplinary rule 1.00 (*see*, 7 NYCRR 270.2 [A]).

After a hearing, at which petitioner admitted having pleaded guilty to assault (but stated that he had done so only to avoid

the risk of additional prison time if convicted after trial), he was found guilty of the charged offense and sentenced to serve two years in the special housing unit, with a concomitant loss of privileges. Unsuccessful in his appeal to respondent Commissioner of Correctional Services, petitioner commenced this CPLR article 78 proceeding to annul the determination of guilt.

Petitioner's contentions that the hearing was not commenced in a timely manner and that the Hearing Officer was biased because he had previously signed the authorization for petitioner's administrative segregation, not having been raised at the hearing, were not preserved for review (*see, Matter of Giakoumelos v Coughlin*, 192 AD2d 998, *lv denied* 82 NY2d 658). Moreover, they are meritless.

The requirement that a hearing be commenced within seven days of "the inmate's initial confinement" when he or she is "confined pending a disciplinary hearing" (7 NYCRR 251-5.1 [a]) was not breached, for petitioner was placed in administrative segregation before the events upon which the misbehavior report was premised—namely, the entry of his guilty plea and the resulting conviction—occurred (*see, Matter of Harrison v Selsky*, 198 AD2d 728, 729; *cf., Matter of Sardo v Murphy*, 175 AD2d 972; *Matter of Maldonado v Coughlin*, 150 AD2d 692, 693).* Nor has petitioner demonstrated that the Hearing Officer's participation in the earlier proceedings affected his ability to impartially consider the charge at issue, or that the alleged bias (if it actually existed) affected his decision herein (*see, Matter of Adelman v Coombe*, 235 AD2d 883).

Also unconvincing is petitioner's assertion that the Hearing Officer's decision fails to adequately set forth the evidence he relied upon and the reasons for the determination. Though brief, the statement contained in the report disposing of the charges outlines not only the particular items of proof upon which the decision was based—the misbehavior report, the written notice from County Court establishing that petitioner pleaded guilty to assault and petitioner's own admission of that fact—but also summarizes petitioner's defense and the reason why that defense was rejected. This is sufficient to allow for intelligent judicial review of the challenged actions (*see, Matter of Amato v Ward*, 41 NY2d 469, 472; *Matter of Hobson v Coughlin*, 137 AD2d 940, 941). In addition, the facts underly-

---

* In addition, it has been held that such time limitations are "directory and not mandatory", and that where, as here, no prejudice has been shown, a mere failure to hold a hearing within the allotted time does not warrant the relief petitioner seeks (*Matter of Taylor v Coughlin*, 135 AD2d 992, 993; *see also, Matter of Covington v Stinson*, 221 AD2d 739, *lv denied* 87 NY2d 810).

·ing the adjudication of guilt, as set forth in the aforementioned documents, provide ample basis for the penalty imposed (*cf.*, *Matter of Faison v Stinson*, 221 AD2d 746, 747; *Matter of Baker v Wilmot*, 65 AD2d 884, 885, *lv denied* 46 NY2d 710, *appeal dismissed* 46 NY2d 939).

Lastly, we are not persuaded that the absence of any proof that petitioner actually committed the murder compels annulment of the determination. Petitioner's guilty plea constitutes substantial proof that he indeed committed a Penal Law offense, as charged, and his explanations therefor merely posed a credibility question which was resolved against him.

Mikoll, J. P., Mercure, Crew III and Peters, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.

