■ In the Matter of DONALD FAISON, Appellant, v DANIEL A. SENKOWSKI, as Superintendent of Clinton Correctional Facility, Respondent. (And Another Related Proceeding.) [679 NYS2d 480] —White, J. Appeal from a judgment of the Supreme Court (McGill, J.), entered June 20, 1997 in Clinton County, which dismissed petitioner's applications, in two proceedings pursuant to CPLR article 78, to review two determinations of respondent finding petitioner guilty of violating certain prison disciplinary rules.

A search of petitioner's cell at Clinton Correctional Facility in Clinton County on August 29, 1996 disclosed that he was in possession of, *inter alia*, legal materials belonging to other inmates, a letter confirming that he would do legal work for another inmate for $200 and a receipt indicating that he received the money. Petitioner was served with a misbehavior report on August 31, 1996 charging him with providing legal assistance without approval and receiving compensation for such assistance (7 NYCRR 270.2 [B] [26] [vii]). He was then placed in keeplock and, following a disciplinary hearing on September 5, 1996, found guilty (hereinafter the first determination). Subsequently, on October 14, 1996, petitioner received another misbehavior report stemming from an incident that took place in the facility's law library. He was found guilty of two of the three charges lodged against him and was given a penalty of 14 days in keeplock plus loss of all privileges (hereinafter the second determination). Petitioner challenged both determinations in separate CPLR article 78 proceedings which Supreme Court considered together, dismissing both petitions in a single judgment. Petitioner appeals.

We shall first consider petitioner's challenge to the first determination. Initially, his claim that the disciplinary hearing was untimely was not preserved for our review as it was not

raised before the Hearing Officer (*see, Matter of Soto-Rodriguez v Goord,* 252 AD2d 782). In any event, the claim lacks merit since, not only did petitioner fail to establish untimeliness (7 NYCRR 251-5.1 [a]), he did not show prejudice (*see, Matter of Covington v Stinson,* 221 AD2d 739, *lv denied* 87 NY2d 810).

Petitioner next addresses the misbehavior report which he claims was insufficient. The measure of a misbehavior report's sufficiency is whether it provides inmates with enough particulars of the charge against them to enable them to make an effective response (*see, Matter of Abdur-Raheem v Mann,* 85 NY2d 113, 123; *Matter of Alvarez v Coombe,* 239 AD2d 810). In our view, the subject misbehavior report satisfied this standard as it advised petitioner of the results of the search of his cell and informed him that an inmate provided information that petitioner had agreed to do legal work for him for $200. We reach this conclusion even though the misbehavior report may have misidentified the date of petitioner's conduct and did not name the inmates to whom he provided legal assistance, since petitioner has not demonstrated that these purported deficiencies prejudiced his ability to mount a defense (*see, Matter of Mays v Goord,* 243 AD2d 882). For these reasons, we reject petitioner's argument.

Likewise, we reject his claim that the search of his cell was improper since he apparently was voluntarily away from it at the time of the search and there is no indication that he made a request to view the search (*see, Matter of Perez v Coombe,* 232 AD2d 702).

The thrust of petitioner's challenge to the second determination is not clear; however, it appears to advance a claim of denial of access to the courts due to respondent's denial of access to the facility's law library and his refusal to provide petitioner with writing materials. Petitioner's failure to establish that the purported denial of these resources prevented him from timely perfecting the appeal on which he was working renders this claim meritless (*see, Howard v Leonardo,* 845 F Supp 943, 946).

We have reviewed petitioner's remaining contentions and find them to be either unpersuasive or unpreserved for our review.

Cardona, P. J., Mikoll, Crew III and Carpinello, JJ., concur. Ordered that the judgment is affirmed, without costs.