■ In the Matter of LYNN RUDOLPH, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, et al., Respondents. [725 NYS2d 240] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating a prison disciplinary rule.

Petitioner was charged with, and found guilty of, violating the prison disciplinary rule against soliciting following an ongoing investigation into petitioner's use of the telephone phone home program to solicit funds from a volunteer service person.* Initially, we reject petitioner's claim that the misbehavior report was not sufficiently detailed in order for him to prepare a defense. Inasmuch as the charges resulted from an ongoing investigation, it was sufficient that the misbehavior report set forth only the date on which a telephone conversation was recorded wherein petitioner allegedly solicited funds (*see, Matter of Moore v Goord*, 279 AD2d 682). Furthermore, testimony at the hearing revealed the dates that the investigation was conducted.

Given petitioner's confinement status in administrative segregation pending the investigation of the matter prior to the issuance of the misbehavior report, we find that the hearing was timely commenced and that valid extensions were obtained. In any event, such time limitations are "directory and not mandatory" and a mere failure to hold a hearing within the allotted time does not warrant annulment of the determination without a showing of prejudice (*see, Matter of Soto-*

---

* Petitioner was also charged with, but found not guilty of, violating the prison rule that prohibits call forwarding or third-party calls.

*Rodriguez v Goord*, 252 AD2d 782 n). To the extent that petitioner asserts that he was unable to prepare an adequate defense because his employee assistant was denied access to the requested documentary evidence, we note that the requested material either did not exist or was provided to petitioner at the hearing.

Mercure, J. P., Peters, Spain, Mugglin and Rose, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.