■ In the Matter of LARRY DAVIS, Appellant, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [799 NYS2d 636]—

Spain, J. Appeals (1) from a judgment of the Supreme Court (LaBuda, J.), entered May 10, 2004 in Sullivan County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review two determinations of respondent finding petitioner guilty of violating certain prison disciplinary rules, and (2) from an order of said court, entered June 23, 2004 in Sullivan County, which denied petitioner's motion to reargue and/or renew.

Petitioner, then an inmate in the special housing unit at Sullivan Correctional Facility in Sullivan County, was charged in two misbehavior reports with violating various prison disciplinary rules. The first report arose from an incident which occurred on February 23, 2003 when petitioner, in preparation for being escorted to a hearing, refused to comply with a direct order from a correction officer to spin around and pull his hands into his waist after handcuffs had been placed on his wrists, threatened to pull the officer into the feed-up hatch and attempted to pull the restraints into his cell. The officer pulled on petitioner's waist chain in order to control and remove the mechanical restraints, at which point petitioner threatened to kill him and his family. As a result, the officer filed a misbehavior report charging petitioner with violating disciplinary rules prohibiting disobeying orders, making threats, engaging in violent conduct, and interfering with an employee. After the hearing, the Hearing Officer found petitioner guilty as charged and imposed a penalty of 120 days in the special housing unit, seven days on a restricted diet and 120 days loss of privileges.

After another incident occurred on March 2, 2003 in which petitioner shouted violent threats pertaining to the officer's family while exposing his private parts, the officer filed a second misbehavior report charging petitioner with violating three disciplinary rules which prohibit making threats, harassing employees and exposing private parts. After a hearing, petitioner was found guilty as charged and a penalty of 90 days in the special housing unit and seven days of restricted diet was imposed. On administrative appeal, both determinations were upheld. Thereafter, petitioner commenced this CPLR article 78 proceeding, which Supreme Court dismissed. The court subsequently denied petitioner's motion to reargue and/or renew. Petitioner now appeals, and we affirm.

With regard to both determinations, the record on appeal

belies petitioner's many contentions that the Hearing Officer conducted the hearings in a manner which violated his due process and equal protection rights. Initially, the misbehavior reports, along with the eyewitness testimony of the correction officers who authored them (and the videotape of the first incident), provide substantial evidence to support each of the Hearing Officer's determinations (*see Matter of Branch v Goord*, 4 AD3d 699, 700 [2004]).

With regard to the first hearing, petitioner's claim that the Hearing Officer improperly ejected him from this hearing is unsupported as the record reveals that petitioner was persistently argumentative, insolent and disruptive during the hearing, including during witness testimony, despite repeated warnings by the Hearing Officer as to the consequences of such behavior (*see Matter of Polanco v Bennett*, 6 AD3d 846 [2004]; *see also* 7 NYCRR 254.6 [a] [2]), justifying the removal (*see Matter of Beckles v Selsky*, 273 AD2d 584, 585 [2000], *lv denied* 95 NY2d 764 [2000]).

Next, petitioner was not improperly denied the right to call certain witnesses. Petitioner never requested the testimony of the inmate in issue, and the Hearing Officer conferred with the facility ophthalmologist who had treated petitioner and confirmed that his eyes were fine and he was able to proceed with the hearing. Thus, there was no abuse of discretion in denying petitioner's request to call the ophthalmologist, as that testimony was not relevant to the charges (*see Matter of Green v Ricks*, 304 AD2d 1010, 1012 [2003], *lv denied* 100 NY2d 509 [2003], *cert denied* 540 US 1166 [2004]; *Matter of Johnson v Goord*, 297 AD2d 881, 882 [2002]). Similarly, the documents to which petitioner claims he was denied access were either confidential, not material to the charges or not requested (*see Matter of Cobb v Selsky*, 270 AD2d 747 [2000]; *Matter of Ebanks v Goord*, 263 AD2d 588 [1999]). Also, no error occurred when certain witnesses were permitted to testify by speaker phone, as "[t]here is no requirement that a witness be physically present at [a prison disciplinary] hearing" (*Matter of Murphy v Goord*, 272 AD2d 730, 730-731 [2000]; *see Matter of Faison v Goord*, 268 AD2d 634 [2000]).

The record likewise fails to support petitioner's conclusory claims that he was denied a fair and impartial hearing due to the Hearing Officer's bias or that his guilt was predetermined (*see Matter of Salaam v Goord*, 8 AD3d 776, 777 [2004]). Petitioner called eight witnesses and, to the extent their testimony conflicted with that of the correction officers, this created only an issue of credibility which the Hearing Officer

resolved against petitioner (*see Matter of Mendez v Great Meadow Correctional Facility*, 246 AD2d 702, 702 [1998]). Furthermore, there is no reason to conclude that the outcome of the proceeding flowed from any alleged bias rather than from the credible evidence (*see Matter of Porter v Goord*, 6 AD3d 1013, 1014 [2004], *lv denied* 3 NY3d 602 [2004]). In addition, no prejudice was shown from the fact that the misbehavior report was not endorsed by the officers other than the report's author, as all testified at the hearing (*see Matter of Bolling v Coombe*, 234 AD2d 730, 731 [1996]; *Matter of Smythe v McClellan*, 226 AD2d 840, 841 [1996]).

Petitioner's claim that the misbehavior report was written in retaliation for having filed grievances against employees of the facility was based solely on "conclusory claims of fabrication" (*Matter of Perkins v Goord*, 290 AD2d 700, 701 [2002]), which "presented a question of credibility for the Hearing Officer to resolve" (*Matter of Cliff v Brady*, 290 AD2d 895, 896 [2002], *lv dismissed and denied* 98 NY2d 642 [2002]). Finally, petitioner's claims regarding the propriety and excessiveness of the restricted diet portion of the penalty are unavailing (*see Matter of Perkins v Goord, supra* at 702; *Matter of Spencer v Goord*, 245 AD2d 827, 828 [1997], *lv denied* 91 NY2d 811 [1998]; *see also* 7 NYCRR 254.7 [a] [1] [iv]; 304.2 [b] [1], [2], [3]).

Petitioner likewise contends that his procedural due process rights were violated during the second hearing. Initially, the record reflects that petitioner was afforded a full and fair opportunity to defend against these charges and to participate in the hearing, and there is no evidence of hearing officer bias (*see Matter of Davis v Coughlin*, 200 AD2d 904, 905 [1994]). The restricted diet component of the penalty was removed on administrative appeal obviating any discussion of it. Next, petitioner's claim that the second hearing was not timely commenced is unavailing, as he was concededly confined in a special housing unit due to a prior administrative segregation determination and, thus, "[t]he requirement that a hearing be commenced within seven days of 'the inmate's initial confinement' when he or she is 'confined pending a disciplinary hearing' was not breached" (*Matter of Soto-Rodriguez v Goord*, 252 AD2d 782, 783 [1998] [citation omitted], quoting 7 NYCRR 251-5.1 [a]; *see Matter of Rudolph v Goord*, 284 AD2d 640, 640-641 [2001], *lv dismissed* 96 NY2d 936 [2001]; *Matter of Taylor v Coughlin*, 135 AD2d 992, 993 [1987]). Further, contrary to petitioner's claim, the Hearing Officer complied with 7 NYCRR 254.7 (a) (4) in providing him with a written disposition within 24 hours of the hearing's conclusion.

While petitioner also argues that he was entitled to an evidentiary hearing to determine the appropriateness of the actions that were taken against him, petitioner failed to submit any affidavits or other written proof supporting his corruption and retaliation allegations (*see* CPLR 7804 [d]; *see Matter of Lewis v De Buono*, 257 AD2d 787, 787-788 [1999]).

Finally, no appeal lies from the denial of a motion to reargue (*see Matter of Pravda v New York State Dept. of Motor Vehs.*, 286 AD2d 838, 839 [2001]), and petitioner failed to offer any newly discovered facts to support his motion to renew and/or any justifiable excuse for not initially presenting those facts (*see Matter of Dyer v Planning Bd. of Town of Schaghticoke*, 251 AD2d 907, 909 [1998], *lvs dismissed* 92 NY2d 1026 [1998], 93 NY2d 1000 [1999]).

Petitioner's remaining claims were either not raised at the hearing or are unpreserved and, in any event, lack merit.

Cardona, P.J., Crew III, Carpinello and Kane, JJ., concur. Ordered that the judgment and order are affirmed, without costs.