■ In the Matter of JOSEPH STRIPLIN, Appellant, v DONALD SELSKY, as Director of Special Housing and Inmate Disciplinary Programs, et al., Respondents. [812 NYS2d 722]—

Appeal from a judgment of the Supreme Court (O'Brien, III, J.), entered May 19, 2005 in Chemung County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Commissioner of Correctional Services finding petitioner guilty of violating certain prison disciplinary rules.

While petitioner was being frisked by a correction officer, the metal detector alarm was triggered by petitioner's left sneaker. The correction officer removed the sneaker and, inside, found a sharpened piece of metal wrapped in tape. On June 16, 2004, petitioner was charged in a misbehavior report with smuggling, possessing a weapon and interfering with an employee. He was found guilty of all charges following a June 29, 2004 tier III disciplinary hearing and the determination was affirmed on administrative appeal. He then commenced this CPLR article 78 proceeding, which was subsequently dismissed by Supreme Court. Petitioner appeals.

We reject petitioner's assertion that the hearing was untimely. Because petitioner was already in restricted confinement due to an unrelated incident at the time the misbehavior report was issued, the hearing did not have to commence within seven days (*see* 7 NYCRR 251-5.1 [a]; *Matter of Davis v Goord,* 21 AD3d 606, 609 [2005]; *Matter of Rudolph v Goord,* 284 AD2d 640, 640-641 [2001], *appeal dismissed* 96 NY2d 936 [2001]). Petitioner's claims that the hearing officer was biased and that he was improperly denied access to a videotape are unpreserved as they were not raised at the disciplinary hearing (*see Matter of Mahon v Goord,* 20 AD3d 837, 838 [2005], *appeal dismissed* 5 NY3d 879 [2005]; *Matter of Vasquez v Coombe,* 225 AD2d 925, 926 [1996]).

Spain, J.P., Mugglin, Rose, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.