■ In the Matter of HERMAN CARGILL, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [814 NYS2d 831]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

After a correction officer felt an unknown object in petitioner's groin area during a pat frisk, petitioner was strip frisked and found to be in possession of a plastic shank with a cloth handle

and string lanyard, which appeared to be crafted from a cooking utensil. Petitioner was charged in a misbehavior report with smuggling and possession of a weapon. He was found guilty of the charges following a tier III disciplinary hearing. After the determination was affirmed on administrative appeal, petitioner commenced this CPLR article 78 proceeding.*

Initially, we find no merit to petitioner's contention that he was improperly denied the "use of force" report inasmuch as the record discloses that no such report was prepared and there is no requirement to produce documents that do not exist (*see Matter of Spirles v Goord*, 308 AD2d 610, 611 [2003]). Likewise, there was no error in the failure to provide petitioner with certain photographs given that, although he asked the hearing officer to review them, he never made a formal request that he be provided with copies (*see Matter of Thomassini v Goord*, 13 AD3d 954 [2004], *appeal dismissed* 5 NY3d 848 [2005]). Petitioner's remaining claims are not preserved for our review due to his failure to raise them at the hearing (*see e.g. Matter of Belle v Goord*, 269 AD2d 721, 722 [2000]).

Mercure, J.P., Peters, Spain, Carpinello and Rose, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.

* Notwithstanding the fact that the petition did not raise a question of substantial evidence and the proceeding was improperly transferred to this Court, we retain jurisdiction in the interest of judicial economy (*see Matter of Otero v Goord*, 17 AD3d 805, 806 n [2005]).