■ In the Matter of FRED E. VAN GORDER, Appellant, v NEW YORK STATE DEPARTMENT OF CORRECTIONAL SERVICES et al., Respondents. [839 NYS2d 869]—

---

Appeal from a judgment of the Supreme Court (Feldstein, J.), entered September 21, 2006 in Franklin County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Superintendent of Bare Hill Correctional Facility finding petitioner guilty of violating certain prison disciplinary rules.

Petitioner challenged a determination finding him guilty of refusing to obey a direct order, creating a disturbance and harassment, all violations of prison disciplinary rules. Supreme Court dismissed the petition, finding no merit to petitioner's allegations that technical errors in the misbehavior report and the failure to complete the hearing in a timely manner rendered the determination void. Petitioner appeals.

Petitioner's contention that the hearing was not completed in a timely manner because the time extension applications mistakenly referred to the matter as a tier III hearing when it was a tier II matter is without substantive merit. Absent a showing that substantial prejudice resulted from the delay, the regulatory time limits are construed to be directory rather than mandatory (*see Matter of Rosario v Selsky*, 37 AD3d 921, 921-922 [2007]). We reject petitioner's argument that the absence of the correction officer's signature from petitioner's copy of the misbehavior report renders it defective (*see Matter of Davis v Goord*, 302 AD2d 836 [2003]). The correction officer who prepared and signed the original report sufficiently explained the missing signature at the disciplinary hearing (*see Matter of Primo v Goord*, 266 AD2d 602 [1999]), his name and rank was in the body of the report in a manner identifying him as the author, the hearing was adjourned to give petitioner added time to prepare after the situation was clarified and there is no suggestion that the defense was prejudiced in any manner. Accordingly, this technical defect was harmless (*see Matter of Bolling v Coombe*, 234 AD2d 730 [1996]). Petitioner's remaining preserved contentions have been reviewed and determined to be without merit.

Cardona, P.J., Crew III, Spain, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.