■ In the Matter of CHRIS APPLEWHITE, Appellant, v GLENN S. GOORD, as Commissioner of Correctional Services, et al., Respondents. [846 NYS2d 457]—

Appeal from a judgment of the Supreme Court (Rumsey, J.), entered January 4, 2006 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Commissioner of Correctional Services finding petitioner guilty of violating certain prison disciplinary rules.

Alleging various procedural errors only, petitioner challenges a determination finding him guilty of violating the prison disciplinary rules that prohibit violent conduct, interference with prison employees, refusing a direct order and threats. Supreme Court dismissed the petition and petitioner appeals.

Upon a review of the record, we find petitioner's procedural challenges to be without merit. Because petitioner was already confined to the special housing unit at the time of the incident, the hearing was not required to be commenced within seven days (*see* 7 NYCRR 251-5.1 [a]; *Matter of Striplin v Selsky*, 28 AD3d 969 [2006]). In any event, "[a]bsent a showing that substantial prejudice resulted from the delay, the regulatory time limits are construed to be directory rather than mandatory" (*Matter of Van Gorder v New York State Dept. of Correctional Servs.*, 42 AD3d 834, 835 [2007]). We are not persuaded that petitioner was improperly denied the right to present videotape evidence of the incident as the record indicates that no such videotape existed (*see Matter of Cargill v Goord*, 29 AD3d 1255 [2006]). Contrary to petitioner's contention, there is no impropriety with the appointment of an institutional steward to act as the hearing officer (*see* 7 NYCRR 254.1; *Matter of Wright v Goord*, 19 AD3d 855 [2005], *lv denied* 5 NY3d 711

[2005]). Petitioner's remaining contentions, including his claim of hearing officer bias, have been reviewed and determined to be without merit.

Spain, J.P., Mugglin, Rose, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.