■ In the Matter of JOSE BERMUDEZ, Petitioner, v BRIAN FISCHER, as Commissioner of Corrections and Community Supervision, Respondent. [967 NYS2d 249]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent and a determination of the Superintendent of Upstate Correctional Facility which found petitioner guilty of violating certain prison disciplinary rules.

When a nurse administered medication to petitioner through the hatch in his cell, petitioner switched the cup containing the medication with another medication cup that he had in his cell. The nurse asked him what happened to the medication that she had given him and he replied "you're crazy." Consequently, he was charged in a misbehavior report with possessing unauthorized medication and interfering with an employee. He was found guilty of the charges at the conclusion of a tier III disciplinary hearing and the determination was affirmed on administrative appeal.

Shortly thereafter, petitioner was observed using draglines

during his exercise period. His cell was searched and correction officials recovered draglines made out of pieces of sheets and towels that had been ripped apart. As a result, petitioner was charged in a second misbehavior report with altering state bedding, destroying state property and refusing a direct order. Following a tier II disciplinary hearing, he was found guilty of the former two charges but not the latter. The determination was later affirmed on administrative appeal. Petitioner then commenced this CPLR article 78 proceeding challenging both disciplinary determinations.

Turning to the first determination, we find that the detailed misbehavior report provides substantial evidence supporting the determination of guilt (*see Matter of Walker v Bezio*, 96 AD3d 1268, 1268 [2012]; *Matter of Povoski v Fischer*, 93 AD3d 963, 964 [2012], *appeal dismissed* 19 NY3d 1020 [2012]). The contrary testimony of petitioner and his cellmate presented a credibility issue for the Hearing Officer to resolve (*see Matter of Williams v Fischer*, 102 AD3d 1044, 1044 [2013]; *Matter of Williams v Fischer*, 92 AD3d 1053, 1054 [2012]). Moreover, as petitioner was confined on another disciplinary charge at the time the first misbehavior report was written, the hearing did not have to be commenced within seven days as provided in 7 NYCRR 251-5.1 (a); therefore, it was not untimely (*see Matter of Applewhite v Goord*, 45 AD3d 1112, 1112 [2007], *lv denied* 10 NY3d 711 [2008]; *Matter of Serrano v Goord*, 28 AD3d 838, 838 [2006]; *Matter of Moore v Buzzetti*, 249 AD2d 721, 722 [1998]). Further, we reject petitioner's claim that he was denied the right to be present at the hearing given that he attended part of it but refused to attend the final phase even though he was informed by a correction officer that it would be concluded in his absence (*see Matter of Haden v Prack*, 62 AD3d 1133, 1134 [2009]; *Matter of Morris v Goord*, 50 AD3d 1327, 1327 [2008]).

As for the second determination, we find that it is supported by substantial evidence consisting of the misbehavior report and the testimony of the correction officer who authored it (*see Matter of Nieves v Venettozzi*, 102 AD3d 1027, 1027 [2013], *lv denied* 21 NY3d 852 [2013]; *Matter of Lewis v Fischer*, 101 AD3d 1317, 1317 [2012]). Petitioner's denial of the charges and claim that the damaged sheets and towels were already in his cell when he started to occupy it presented a credibility issue for the Hearing Officer to resolve (*see Matter of Joseph v LaClair*, 89 AD3d 1298, 1298 [2011], *lv denied* 18 NY3d 809 [2012]; *Matter of Encarnacion v Bellnier*, 89 AD3d 1301, 1302 [2011]). Petitioner's numerous remaining contentions either have not been preserved for our review or are lacking in merit. Accord-

ingly, we decline to disturb either of the determinations at issue.

Peters, P.J., Spain, Garry and Egan Jr., JJ., concur. Adjudged that the determinations are confirmed, without costs, and petition dismissed.