Matter of Finnegan v Lamanna (2020 NY Slip Op 00471)





Matter of Finnegan v Lamanna


2020 NY Slip Op 00471


Decided on January 23, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 23, 2020

529557

[*1]In the Matter of Christina M. Finnegan, Petitioner,
v
Amy Lamanna, as Superintendent of Bedford Hills Correctional Facility, et al., Respondents.

Calendar Date: January 3, 2020

Before: Lynch, J.P., Clark, Mulvey, Devine and Aarons, JJ.


Christina M. Finnegan, Albion, petitioner pro se.
Letitia James, Attorney General, Albany (Victor Paladino of counsel), for respondents.



Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Superintendent of Bedford Hills Correctional Facility finding petitioner guilty of violating a prison disciplinary rule.
Petitioner was charged in a misbehavior report with drug use after her urine sample twice tested positive for the presence of opiates. Following a tier II disciplinary hearing, petitioner was found guilty as charged, and the determination was upheld on administrative review.[FN1] This CPLR article 78 proceeding ensued.
We confirm. The misbehavior report, positive test results and related documentation, together with the hearing testimony, provide substantial evidence supporting the determination of guilt (see Matter of Rahman v Annucci, 172 AD3d 1810, 1810 [2019]; Matter of McKanney v Annucci, 170 AD3d 1354, 1354 [2019]). Contrary to petitioner's contention, the correction officer explained that the one-minute time discrepancy between the misbehavior report and the request for urinalysis form, both authored by the officer, as to when the urine sample was tested was a clerical error and, as such, it does not compromise the chain of custody or invalidate the test results (see Matter of Garcia v Fischer, 68 AD3d 1311, 1312 [2009]; Matter of Taylor v Taylor, 290 AD2d 778, 778 [2002]; Matter of Amante v Goord, 240 AD2d 837, 837 [1997]). The correction officer also adequately explained the gap of time between when the sample was removed from the locked urine box and when the two tests were performed (see Matter of Buggsward v Rodriguez, 160 AD3d 1320, 1321 [2018]). Accordingly, we are unpersuaded by petitioner's argument, to the extent preserved for our review,[FN2] that the validity of the test results was undermined by certain alleged deficiencies in the chain of custody (see Matter of Hall v Venettozzi, 98 AD3d 773, 773 [2012]; Matter of Faraldo v Bezio, 93 AD3d 1007, 1008 [2012]).
Petitioner's remaining claims have been considered and found to be without merit.
Lynch, J.P., Clark, Mulvey, Devine and Aarons, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.



Footnotes

Footnote 1: The penalty was subsequently modified.

Footnote 2: By not raising it at the hearing, when it could have been addressed by the correction officer, petitioner failed to preserve that aspect of her chain of custody argument challenging an additional alleged time discrepancy — that being the time at which the specimen was secured in the lock box (see Matter of Coates v Fischer, 108 AD3d 997, 998 [2013]).