Matter of Leckie v Annucci (2024 NY Slip Op 04504)

Matter of Leckie v Annucci

2024 NY Slip Op 04504

Decided on September 19, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:September 19, 2024

CV-24-0134
[*1]In the Matter of Darrell Leckie, Petitioner,
v
Anthony J. Annucci, as Acting Commissioner of Corrections and Community Supervision, et al., Respondents.

Calendar Date:August 30, 2024

Before:Garry, P.J., Pritzker, Lynch, Ceresia and Mackey, JJ.

Darrell Leckie, Brooklyn, petitioner pro se.
Letitia James, Attorney General, Albany (Kate H. Nepveu of counsel), for respondents.

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Acting Commissioner of Corrections and Community Supervision finding petitioner guilty of violating certain prison disciplinary rules.
Petitioner was charged in a misbehavior report with possessing a weapon, possessing an altered item, possessing contraband and smuggling after two cutting-type weapons allegedly were found in petitioner's left front pant pocket during a pat frisk. Following a tier III disciplinary hearing, petitioner was found guilty of all charges. That determination was affirmed upon administrative appeal. This CPLR article 78 proceeding ensued.
We confirm. The misbehavior report, photographs of the items found during the pat frisk and testimony at the hearing provide substantial evidence to support the determination of guilt (see Matter of Smith v Annucci, 207 AD3d 979, 980 [3d Dept 2022]; Matter of Breazil v Griffin, 175 AD3d 1697, 1698 [3d Dept 2019]). Petitioner's denial that he possessed the items presented a credibility issue for the Hearing Officer to resolve (see Matter of Black v Annucci, 197 AD3d 1446, 1447 [3d Dept 2021]; Matter of Ramos v Annucci, 150 AD3d 1510, 1511-1512 [3d Dept 2017]). Petitioner's contention that the procedures set forth in the Department of Corrections and Community Supervision Directive No. 4910A for handling and securing contraband were not properly followed was not raised at the hearing and, therefore, is not preserved for our review (see Matter of Ortiz v Annucci, 214 AD3d 1271, 1272 [3d Dept 2023]; Matter of Finnegan v Lamanna, 179 AD3d 1375, 1376 n 2 [3d Dept 2020]; Matter of Young v Rodriguez, 165 AD3d 1338, 1339 [3d Dept 2018]; Matter of Baysden v Annucci, 140 AD3d 1519, 1519 [3d Dept 2016]).
Garry, P.J., Pritzker, Lynch, Ceresia and Mackey, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.